IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MATTHEW BOIVIN**                                                                                    **PLAINTIFF**
**ADC #110905**

v.                              No: 4:24-cv-00034-BRW-PSH

**SARAH HUCKABEE-SANDERS,** *et al.*                                       **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Matthew Boivin filed a *pro se* complaint on January 18, 2024, while incarcerated at the Arkansas Division of Correction's Cummins Unit (Doc. No. 2). The Court granted Boivin *in forma pauperis* status (Doc. No. 3). The Court has reviewed Boivin's complaint and finds that he does not describe facts sufficient to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. A *pro se* plaintiff's allegations must be construed liberally, *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002), and the Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful, fantastic, and delusional).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Boivin alleges that he was assaulted by another inmate on July 31, 2023. Doc. No. 2 at 5. He claims that defendant Lieutenant Jane Doe questioned him about the incident afterwards, told him to write a statement, and left to review the security footage. *Id.* at 5-6. Boivin then describes a grievance he wrote about the incident, and states that defendant Warden Gary Musselwhite found it to be with merit but resolved. *Id.* at 6-7. Boivin claims he has heard of several other violent incidents in the prisons and some deaths. *Id.* at 7-8. Finally, he complains that defendant Governor Sarah Huckabee-Sanders is attempting to add more beds to the prisons despite current understaffing and overcrowding. *Id.* at 8. Boivin claims these circumstances put him at risk of further assault. *Id.* The Court has liberally and carefully reviewed Boivin's complaint and finds that he fails to describe sufficient facts to state a claim for relief for the reasons explained below.

***Failure-to-Protect Claim.*** Boivin attempts but fails to state an Eighth Amendment failure-to-protect claim. An inmate has a constitutional right to be free from attacks by others. *See Robinson v. Cavanaugh*, 20 F.3d 892 (8th Cir. 1994). To succeed on a failure-to-protect claim, Boivin must show that there was a

substantial risk of serious harm to him and that defendants were deliberately indifferent to that risk. *See Irving v. Dormire,* 519 F.3d 441, 447 (8th Cir. 2008). Specifically,

> This claim has an objective component, whether there was a substantial risk of serious harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk. *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). To be liable, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). . . .

*Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020). An inmate's complaints regarding a "general fear for his safety" do not establish that a defendant "acted with deliberate indifference by not placing him in protective custody." *Robinson v. Cavanaugh,* 20 F.3d at 895; *see also Jones v. Wallace*, 641 Fed. Appx. 665 (unpublished) (a general fear of another inmate is not sufficient to put guards on notice of a specific threat or danger).

Boivin does not allege that the defendants were aware of any facts suggesting that he was in danger of an attack from specific inmates before July 31, 2023. Rather, he alleges that he was attacked because the doors to six barracks were opened simultaneously without officer supervision, and more than two minutes passed after he was attacked with no security response. *Id.* He claims this amounted to "gross

negligence." *Id.* Negligence claims are not actionable under § 1983.[1] And Boivin does not allege how any named defendant was personally responsible for leaving the doors open without supervision, or even describe how long those doors were left open without supervision. A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006). For these reasons, Boivin fails to describe sufficient facts to state a constitutional claim that any defendant was deliberately indifferent to a substantial risk of serious harm to him before he was attacked in July of 2023. His failure-to-protect claims should therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

***Overcrowding/Understaffing.*** Boivin also fails to describe any specific facts from which a defendant could infer that he is currently at risk of an attack because of overcrowding. His general allegations that the prison is overcrowded and understaffed, without more, are insufficient to state a constitutional claim. Doc. No. 2 at 4. Boivin provides no specific facts regarding current staffing, the number of

---

[1] *See Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (explaining that intentional conduct, rather than negligence, is required to sustain a § 1983 claim under both the Eighth Amendment and the Fourteenth Amendment applicable to pre-trial detainees); *see also Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998) ( . . . "'deliberate indifference includes something more than negligence but less than actual intent to harm'; it requires proof of a reckless disregard of the known risk.") (quoting *Newman v. Holmes,* 122 F.3d 650, 653 (8th Cir. 1997)).

beds in the prison currently, or the number of vacant staff positions. His allegations that the prison is currently overcrowded and understaffed are simply too conclusory to state a claim for relief. Moreover, Boivin does not allege how any named defendant was personally responsible for the alleged overcrowding or understaffing that he claims currently exists. *See Mayorga v. Missouri, supra.*[2] Accordingly, Boivin fails to state a viable claim for relief based on his allegations that the prison is currently overcrowded and understaffed.

*Grievance Process.* Boivin sues Mussellwhite because he found Boivin's grievance concerning the July 2023 attack with merit but resolved, which Boivin claims "misrepresents the situation." *See* Doc. No. 2 at 4. Participation in the administrative grievance procedure alone is insufficient to establish liability under § 1983. *See Rowe v. Norris*, 198 F. App'x 579, 580 (8th Cir. 2006) (unpublished). Because Boivin sues Mussellwhite solely based on his involvement in the grievance process, his claim should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III. Conclusion

---

[2] *See also Northup v. Bell*, No. 6:11CV222, 2012 WL 2814307, at *12 (E.D. Tex. June 12, 2012), *report and recommendation adopted*, No. 6:11CV222, 2012 WL 2813973 (E.D. Tex. July 9, 2012) ("In the absence of any evidence that understaffing resulted from the deliberate indifference of any of the defendants named in connection with this claim, Northup has failed to show a constitutional violation and his claim on this point is without merit.").

For the reasons stated herein, Boivin's claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted. It is therefore recommended that:

1. Boivin's claims be dismissed without prejudice.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 6th day of February, 2024.

_____
UNITED STATES MAGISTRATE JUDGE